All right, our third and final case is 24-1237 Colonial Webb Contractors Company v. Hill Phoenix. Council, whenever you're ready. May it please the court, good morning. My name is Robert Walton from McGuire Woods in Richmond. On behalf of the appellant, Hill Phoenix, Inc., with me at council's table is my colleague, Mr. Dillard. Let me begin by answering the two questions presented in this appeal. First, yes, the district court was wrong. Second, yes, this court has the ability to both review and correct the errors of the district court below. I guess one of the other implicit questions is, is it really best practice to file a single notice of removal for two different cases in court? Actually, Judge Hydens, I would say yes, it is. What in the federal statutes or federal rules of civil procedure allow you to file a single notice of removal for two different cases? Nothing at all, and nothing prohibits it either. And so here, Mr. Dillard was actually the attorney at McGuire Woods who spoke to the clerk's office in Henrico County. Initially, our client was served one order, a one-page order, which is a joint appendix page 116 and 117, allowing the amendment of one of the complaints. We contacted the clerk's office upon receipt of that order. We were told that it appeared that there were two cases opened in error. Under 1446, all we had to do, all we had to attach... Were both of these cases filed in state court? Yes, sir. There were two cases that were actually filed in state court, case number one, dealing with the Michigan project, the other with the Colorado... They were filed as separate cases? Yes, sir. And initially, what we were told is that there were two cases opened in error because the complaints were substantially the same. They were given two different case numbers, 4146 and 1447... Contracts, the contracts were different contracts, weren't they? I mean, they had different forum selection clauses and they involved sales of refrigerator equipment in different states. One of them was in Colorado and I guess one was in Michigan and one was in Colorado. So they were filed as two separate states, two separate state court actions. Yes, sir. They were filed as two separate state court actions, but I would clarify one point in Judge Wilkinson, in your statement. The terms and conditions that are at issue in the case, they're the same. Hill Phoenix has... I thought the contracts were a bit different and maybe it was within the... I realized there was a large overlap in the contracts, but I thought maybe there was a difference in the forum selection clauses or what have you. Let me clarify my answer, Judge Wilkinson. There is a difference between Hill Phoenix's terms and conditions and Colonial Webb's terms and conditions. Hill Phoenix's are at joint appendix page 550. But they were not identical contracts, were they? Between the two parties, no. Essentially with the project, yes. And Colonial Webb in its briefing before Judge Hudson, before the district court, essentially said there are two complaints, but they're essentially the same. Well, but your removal notice purported to remove both cases, is that correct? Yes, sir, it did. The removal notice, it provided... We were very transparent with the clerk's office in the Eastern District. Aren't there a lot of district or at least district court cases out there that say it's improper to remove more than one case with a single notice of removal? You can't have a single notice of removal for multiple cases. You will acknowledge there's a good bit of law out there for that proposition that, you know, one notice of removal, one case, but not one notice of removal in two cases, huh? Your Honor, I will acknowledge there are some unpublished decisions from federal district courts. The only one that we found in the Fourth Circuit was from Judge Alston dealing with an attempt to remove multiple criminal cases. Right, I know, but what concerns me is that there were... You had this removal notice, a single removal notice, and then you're removing two cases, and then all of a sudden you say, well, this might be a little shaky to... You have this single removal notice for both cases, so maybe we can avoid the whole difficulty by consolidating the two cases. And so you proceeded on your own motion to consolidate the two cases, which did strike me as exceedingly odd because normally it's the function of a court to decide whether to consolidate cases or not. I think it's odd that a litigant is coming in before us when the litigant is deciding to consolidate or not to consolidate. I thought that was the... Consolidation was a function of the court, and I wanted to strategically... You were just trying to sidestep those district court decisions that have said it's not proper to remove multiple cases with a single notice of removal and to sidestep that. You arrogated something under your own power that was really something for the court to decide. And if I'm correct in my query, isn't that a little bit shaky, what happened here? Judge Wilkinson, I would respectfully say you were not correct in your fundamental hypothesis. We were not trying to sidestep anything. We were very transparent. If you look at the notice of removal... But what authority did you have to consolidate the cases? Well, one, we did not consolidate the cases. This is the part where at J-5 you say we request that the court consolidate them. Yes. So we did not consolidate the cases ourselves. We did ask the to consolidate the cases. The clerk's office administratively combined them, and Judge Hudson found that that was an error under Rule 42. But there's no precedent from any federal court anywhere in the country finding that a violation of Rule 42 is a defect in the removal process that, one, deprives this court of the ability to review Judge Hudson's decision, and two, renders Judge Hudson's decision correct. So can we put aside the subject matter jurisdiction for a moment? Because I understand your argument. I tend to think it's a pretty good argument, but this is not based on lack of subject matter jurisdiction or colorably characterized. So I'm more interested in the defect in removal procedure. So I want to give you a hypo. So imagine that in their motion to remand, they had specifically asked the district court to do the precise thing the district court did on the precise grounds. I understand your that they were talking about the form selection clause, and I take your point that's not a defect. Hold that aside. Let's just say they literally said the exact thing the district court said, and not just in the facts section, but in there. What we are asking you to do, Judge, is remand because of this defective consolidation. Do you think that remand order would be based on a defect in the law, plausibly characterized as a defect in removal procedure? Colorably characterized, as the Supreme Court said in Power X. I understand. I've just asked you to assume a whole bunch of things you don't think are true. I welcome that hypothetical. I think that hypothetical is Quackenbush. The Supreme Court of the United States in Quackenbush in 1996 made clear that an abstention-based decision ordering remand was reviewable by the circuit. Wait, that's not abstention-based. It would be again. As a person who used to teach CivPro, I actually find it quite surprising that I also am not aware of a statute or rule that answers the question of whether you're allowed to do this, a single notice of removal. But what if the district court said, look, there are these weird gaps in the procedural rules, and it's my belief that you're not allowed to have a single notice of removal cover multiple state court actions remanded. Is that colorably characterized as a defect in the removal procedure? No, I don't think so. Really? Because it sounds like a statement of, you're not allowed to remove cases this way, so I'm remanding it. That sounds like a defect in removal procedure. Now, again, maybe the district court's wrong about that. Maybe you're in fact allowed to do that. Well, I think the question for this court, and this is where I do think Quackenbush is helpful because the Supreme Court made clear, the district court there relied on abstention, remanded the case back. It went up, as you're well aware. And the Supreme Court said, no, that is reviewable. And under your hypothetical, I don't think that could be colorably characterized. Oh, I agree with that case. In the same way in Thermatron, where there the district court's like, I've got other stuff to do. And the court's like, that's not a defect in removal procedure. Right. And I think in doing the colorable characterization analysis that you're required to do, under your hypothetical, there's no basis in the statute to support the conclusion that... You know, both of these cases are state court cases. I mean, they're state law cases. They're both breach of contract questions. I didn't see any pressing question of federal law. The cases screamed out to me that they're both state law breach of contract cases. And, you know, I realize that there's diversity jurisdiction, and I certainly respect that. But, you know, the world's not going to come to an end if we remand state court breach of contract cases back to the state courts to decide. We'll probably get a much more accurate reading of state law if we sent those cases back than if we kept them here. Judge Wilkinson, I have enormous respect for you, and I don't think I've ever respectfully disagreed with you this many times. I don't need to respectfully disagree. You can just say you're crazy. No, sir. No, sir. I would never do that. How about if the Supreme Court's Thermotron decision emphatically rejects the idea it's no big deal to send state law cases back to state court? Well, Thermotron makes that point. Things Decided makes that point. Quackenbush makes that point. The United States Congress has made that point in allowing... Well, I know, but the question is, this is one of those marginal questions. I mean, the question is whether what happened here involved a procedural defect or whether it didn't qualify as a procedural defect. And so this is not something that's really at the heartland of diversity jurisdiction or whatever. It's not going to mean the end of jurisdiction. All I'm saying is in these marginal peripheral questions about what is a procedural defect and what is not, I say, well, at the end of the day, you know, having the state courts decide questions of state law is fine. And it's not going to strike any fundamental blow to diversity jurisdiction. Judge Wilkinson, I disagree. This actually goes to the fundamental ability and right to be in a federal forum. I know. I know you have that. I know that. I respect that. But what troubles me here is that in reviewing, you know, these questions of remand, here we are up here thrashing around with this question of whether there's a proper remand or there's not a proper remand and what constitutes a procedural defect and what doesn't and everything. And none of it has any relationship that I can discern to the actual merits of the case. And the whole idea is to have traffic cop rules work advantageously to litigants by providing clear directions. And what troubles me about this is that legal fees are being run up and litigants are being kept in a degree of uncertainty because we up up here thrashing around on the finer points of a question that have nothing to do with the merits of the case. And at the end of the road, there's some people out there that would like an answer of some sort. And yet there's this, in my judgment, the possibility of these enormous detours dealing with appeals of motions to remand. And I'm just wondering whether the interest of justice and systemic justice are not served better by having a strong presumption that remands are not reviewable as a general rule. And that concerns me from the standpoint of the people that, after all, would like an answer from the court system and would appreciate it if their legal fees just didn't run up and if it wasn't delay after delay. And this whole appeal strikes me as somewhat diversionary from the standpoint of resolving cases and giving the litigants some final adjudication of where their rights stand and who's at fault in the breach of contract and what the remedies are. There are a whole lot of questions about who breached the contract and what the remedies should be and what the damages should be. And we're not touching any of them. Not any of them. We're up here thrashing around on whether remand orders are reviewable in these marginal cases. Chief Judge Diaz, may I respond very briefly? Judge Wilkinson, the Supreme Court of the United States and ThermTron in 1976 made clear that remand orders like this are reviewable by circuit courts. It's repeatedly upheld that. And there are two different forum selection clauses at issue between the parties. My client's forum selection clause allows it to be in a federal district court. And I would say this is the first circuit court in the country that has had, I know Judge Wilkinson, you've characterized this as kind of a procedurally, like a procedure geek's unnecessary case that you don't have to address. But this has enormous consequences for every business that operates within this circuit. Because there are forum selection clauses. There are ability to avail yourself of diversity jurisdiction to remove a case to get into federal district court. And this has enormous consequences for businesses all throughout the fourth circuit. Yes, but in the vast majority of cases, there are at least somewhat clearer rules about whether the remand is reviewable or whether it's not. But this one's sort of in a foggy middle zone. Well, I think this court made clear in Ellenberg that a district court sui sponte bringing up a procedural issue is reviewable. So I think, you know, Judge Hudson, he raised this on his own. He was very clear in his remand order. I think that's maybe your best argument. But let me ask you about the, and Judge Heitens touched on this. Why isn't this allegedly improper consolidation, a procedural defect that goes to something else other than subject matter jurisdiction? That's exactly what this is, Chief Judge Diaz. I'm asking you. Well, this is not a procedural defect. Why isn't it? Well, there's, it's at best. How do you define procedural defect? Well, the Supreme Court of analyzing a remand decision. Well, the notice of removal was too late. That would be right. So I think, but I think in terms of, like, there's no decision, Judge Heitens, like to go back to the case that was just argued where you asked for the specific factors in the case. There's no decision I can give you that there's some obvious ones, like the notice of removal was filed too late. The notice of removal wasn't served on the state court as is required under the Federalist of Civil Procedure. The notice of removal does not allege the basis of federal court subject matter jurisdiction. There's. And so I think to answer your question, Judge Diaz, it has to be, the procedural defect has to be a defect within Title 28, within sections 1441 to 1453. That's the removal provision we're dealing with. Just to go back. I know I asked you to hold aside, but like, as once it's not subject matter jurisdiction, if we conclude the district court did this to Esponte, none of this matters, right? Exactly, Judge Heitens. And that, that was, that's the ultimate point I wanted to get to. Because of Ellenberg, because, I mean, Judge Hudson was very clear. He did this to Esponte. So it is reviewable by this court. There's no precedent anywhere that says that a, the consolidation of a case by a federal district court clerk's office is the defect in the removal process under Title 28 that supports remand. But even if it is, it doesn't matter. If this is to Esponte, it doesn't even matter if it is, right? Exactly. The only thing that matters for Esponte purposes, the only thing that matters is, is this plausibly subject matter jurisdiction. Correct. And that's the only thing that the district court can raise to Esponte. All right. Thank you, Mr. Walton. Yes, sir. Good afternoon, I think. May it please the court. My name is Courtney Polk and I represent Colonial Contractors Company, the Appley in this matter. Colonial Web filed two separate and distinct state court cases related to two entirely separate projects in the state court. One related to a Michigan project. It involved people in Michigan that worked on the project, certain fact witnesses there. The other, approximately 1,500 miles away in Colorado, related to a different project and an entirely different contract. The terms of the contract is different? The refrigeration systems that were going to be put in were very similar, but they were different projects. The contracts are different. So there will be differences in damages? Yes, your honor. And different circumstances related to the damages that might arise because the refrigeration systems didn't fail exactly the same. Yeah. So this and the status, importantly, I think the status of the state court cases could have been easily discovered by reviewing the files in the Henrico County Circuit Court, either in person or electronically. What is your view of the procedural defect? Is the a single order of removal was utilized to remove multiple in different cases? Yes, your honor. And the problem with that in this particular... But that's your concern in terms of the procedural defect. Yes, your honor. And yet I'm looking at your motion to remand. And although you pointed out this problem, I'm looking at the first page of your motion to remand, looking at the last page of your motion to remand. And I'm looking for you telling the district court why it should remand. And what you say over and over again is a forum selection clause. With respect to the memorandum in support of the motion to remand? Yes. Looking at it right here. With respect to the actual memorandum, actual motion, it starts with pursuant to 28 U.S.C. 1447C, we're asking the court in addition to the forum selection clause. So we're going to build up a huge mountain of law on procedural defects. We will get no clear answer to it. It will be, you know, a litigator's field day. And we'll be thrashing around on issues that are traffic cop issues that are collateral to the merits of the case. And meanwhile, you'll be running up fees and the other folks will be running up fees. And it's a lawyer's heaven. But the relationship it has to the people that brought the suit and would like to have the suit is delayed. Now, the argument against that is that diversity jurisdiction is something that Congress takes seriously. And you don't want the court saying, well, I just don't want to deal with this case. And so I'm going to remand it. And the Court of Appeals has told me that, you know, that's an unreviewable order. And those meeting people at the Court of Appeals, they can't do anything about it because we've said that the what you worry about from the other side of the fence here is that we may be authorizing a freewheeling exercise of abstention on the part of a trial judge who looks at a case and who's kind of mean and going to involve a lot of court resources and everything. I don't just and so is that a realistic fear? Because it is a concern. Well, probably it is a concern, but I don't think that that's what the district court did here. Really? Because it seems like the district court proceeded to consider whether to remand on a basis that you had never argued it should remand, which is our Ellenberg decision says you're not supposed to do. I think it's somewhere in the middle, because in all of the cases that relate to judges issuing an order sui sponte that relate to 1447, they only are they omit any motion to remand at all. And so I think Ellenberg. It's just very confusing because if the under our precedent, if the district court had actually remanded on the basis you asked the district court to remand on, we 100 percent would have been able to review it, right? If on the forum selection. Yes. If you said 100 percent, you actually again, I'm looking at your motion. I'm looking at your memorandum. The basis on which you asked the district court to remand was the forum selection clause. And then lo and behold, this court has an on point published decision that says if it had done that, we could review it and it didn't. Right. It brought up its own reason for doing this. That was not the reason you asked to do something. But the public policy behind the Ellenberg case and Blair and Thermotron is that there was no motion. No, no. The public policy is that with with respect to subject matter jurisdiction, which federal courts always have an independent authority to it, not or authority obligation to examine. But unless it's subject matter jurisdiction, the public policy is district courts don't look don't try to come up with other reasons to remand that don't implicate subject matter jurisdiction. But we did hit the we hit the court ahead on something that would have been appealable. We well, we we hit the court over the head with the fact that these cases were improper. But you didn't ask to remand on that ground. I literally have your entire motion in front of you and I have you cited the statute. You did not say that's why you should rematch. And at the end and the relief requested, we say respectfully request in turn order remanding basically for the reasons stated in the motion. And the reasons stated in the motion were the forum selection clause. I mean, the very first paragraph of the motion to remand says that Colonial Webb filed a case in circuit court. Okay. I mean, I will now read the actual conclusion in your actual thing. In order to deny Colonial Webb's motion to remand comma, the court must determine that Hill Phoenix's terms and conditions control the conduct and that in turn Colonial Webb's terms and conditions do not apply. Such a conclusion is unsupported. For reasons stated here in Colonial Webb respectfully requests that the court grant the motion to remand. Yeah. And that does not say one word about improper consolidation. And I believe that's in our memorandum and support. Yes. But the distinction here, I think the court raised earlier and I'm not going to recall which judge said that was this a procedural defect or was it based on subject matter? No, I'm focusing on the sui spontaneus, which is. So I disagree that this is not based colorably based on jurisdiction and for this because. The district court says there is diversity here. I don't know how that's anything clear about the case that was consolidated attempted to be consolidated or attempted to be removed was omitted and it's entirely what conceivable world would that implicate subject matter jurisdiction because the Colorado case wasn't before the court except it is. I'm looking. I'm literally looking at their notice of removal and it has two docket numbers, one of which is the Colorado case and the body of the notice of And then the short statement included in the notice of removal does not include any reference at all to the Colorado case. It acts as if it doesn't even exist. But then it's an argument that the notice of removal doesn't have enough detail. And I think it's Ellenberg, but it may be another case of this court that says failure to provide sufficient detail to establish that there is subject matter jurisdiction is not the same thing as being that there is not subject matter jurisdiction. It's either Ellenberg or another Fourth Circuit case that literally says that exact point. I believe it's Ellenberg. Okay, so that's an argument that maybe they needed to include more detail, but Ellenberg says needing to include more detail is not the same thing as there isn't subject matter jurisdiction. That's what it says, but if you this court in the Pareto-Pappas case said you need to look at what did the circuit or the district court rely on in its order. Right, and where the district court says there is subject matter jurisdiction, but there's a consolidation problem. That's what the district court says. But the court says in a long paragraph all the cases cited by the district court relate to jurisdiction. And it's the court states an action may be removed from. Well, the district court actually formulated that as a reason for remand. As I understand it, the procedural defect did not just have to relate to the question of consolidation. That's not the only procedural defect that you are contending. I thought you were also contending that there was an additional procedural defect of removing multiple cases with a single order of removal. That just gives rise to all kinds of problems where the multiple cases have very different terms. And as I understand it, that must have been on the district court's mind. And that is what you have identified to me as the defect in the removal procedure, in addition to the question surrounding consolidation of very different cases. I mean, they are different cases. And the court didn't make that decision. Yeah, and the whole idea that, oh, well, you just consolidate and it's all one case. Well, the case loses its... You can consolidate them, but they still remain as independent as before. Well, in the notice of removal, one of the issues is that they don't remain separate because the notice of removal says it's only one case. But I'm just... All I'm saying is that I see two problems. One is consolidating two different cases with... Trying to consolidate two different cases with different contracts. And secondly, having the single remand order, moving multiple cases over with a single remand order. I mean, there are two possible procedural defects. And it might be a clear rule to say that... To avoid all this thrashing around, say that it's not proper to remove more than one case with a single order of removal. And that's a clear rule. And somebody can decide it. And then in the future, somebody won't be up to this kind of trick. Because these are not the same cases, and yet a single order of removal is trying to remove both. And the proper process there under Rule 42 would have been to file a motion to consolidate... Well, do you disagree with Mr. Loft? Let me posit that I agree with you, that there is no statute or rule that I'm aware of that says you can remove two cases with a single order of removal. Are you aware of any statute or rule that says you can't? I think Rule 42 would say that because it's up to the court... Right. You say over and over again in your brief that they unilaterally consolidated them, but yet that's not what their notice of removal says. Their notice of removal says, we ask the district court to consolidate them. And then the clerk's office actually did it, right? So I don't actually think it's fair to say that they unilaterally consolidated them, because they quite clearly said in the notice of removal, we would like the court to consolidate them, which sounds like asking someone to do something. But the basis of the reason, my understanding at least, as to why they wanted to consolidate... Right. That's a reason the district court maybe should have denied consolidation. I mean, another way to think about this is, take a step back for a second. Everyone agrees these two separate cases are both removable, right? There's complete diversity. They both involve more than $75,000. No defendant's being sued in their own home state. Yes. So these are both removable. So if there's a problem at all, it's that they attempted to shove them together. But that's not a problem about whether these cases can be in federal court. It's whether they can shove them together. So I mean, among other things, I just think there's a real gap between what the district court thought the problem was and what it did. Because if you really do think this is a problem, I totally get the district court clerk's office screwed up, deconsolidate those cases. But now they just stay in federal court. It's two separate cases over which the court clearly has subject matter jurisdiction. But in that instance, Hill-Phoenix could have... The issue was raised through the motion to remand and other pleadings that were filed within 30 days of the removal. They could have filed another notice of removal. They could have asked to amend their notice of removal. You could have asked the district court to remand on this case within 30 days, which you didn't do. We did not. Let me ask you this, and I'm really interested in what your answer will be. If we adopt your rule that there was a procedural defect here, and if we go with you on this, are we doing damage to diversity jurisdiction and the reasons why Congress has authorized the court to exercise jurisdiction in diversity cases? I think early on in the history of the Republic, the diversity jurisdiction really had to do with the fear of home cooking in the state courts. The rationale seems to me to have shifted very slowly. The rationale for diversity jurisdiction seems to me to have shifted very slowly with the time. It's a little bit less a question of home cooking and a little bit more of the fact that the business community desperately wants a lot of these cases heard in federal court. You have to respect the judgment of Congress here. Those people that say that the diversity jurisdiction is just completely outmoded and it's a thing of the past, I don't go along with that. It's not my job to decide that at any rate because Congress hasn't repealed it. I want you to tell me, and I'm very interested in your answer to this, is if we adopted your rule of procedural defect and said that you simply can't remove in this sort of way, are we doing damage to diversity jurisdiction? I don't believe so. Well, you need to tell me why not. I think because at the end of the day, we all have rules that we have to follow and we all have procedures that we have to endure in all court process. And here, to get in one of the cases before the court, it was untimely. And so in that situation, and I believe it was, I'm not going to recall which case it was, but when the notice of removal was untimely, then that was a situation where they couldn't proceed. One of the arguments on your side of the scale is, of course, the fact that we live in a federal system and we don't want removal jurisdiction to be denying state courts the right to decide cases involving state law. So, in putting some brakes on removal, there is a value, I think, in terms of the way the federal system occupies it. States have an important jurisdiction, particularly over questions of state law, and we shouldn't just cavalierly take that away from them without damaging our federal system and the operation of it. Can I go back to the point you just made that there are rules and everyone has to follow them? Can I ask you about a couple other rules that strike me as actually in the text of the statute that Congress enacted? Yes. So, 28 U.S.C. 1447C, a motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days of the filing of the notice of removal, right? Yes. That was a rule that you were required to follow. Yes. You are also aware that under Thermotron, a district court cannot, sua sponte, raise anything other than lack of subject matter jurisdiction. That's a rule the district court is required to follow, right? The Thermotron case did. The Supreme Court said so? Yes. Okay. So, there's a rule that you have to follow that's in the text of the statute that Congress wrote. There's a rule the district court had to follow that's in a Supreme Court decision, and you agreed with me earlier, there is actually no rule expressly saying you can't use a single notice of removal for multiple cases, right? There is no rule. So, in other words, you're asking us to remand because they didn't follow a rule that is actually not written in any federal statute or rule of civil procedure, and to overlook the fact that it seems to me that your client and the district court both failed to follow rules that are in federal statutes or Supreme Court decisions. Well, I think in 1447D, what we're asking the court to do, along with reading 1447D and 1447C in peri materia, that what we're asking the court to do is deny appellate review because the district court's decision was colorably based on a, in the first argument, that it's based on subject matter jurisdiction, and I understand. So, earlier, you mentioned these cases. So, I'm now looking at the district court's order. These cases are where the district court is just, like, laying out the legal principles, right? The case in Mulcahy, the court cites Mulcahy twice. Federal jurisdiction is doubtful a remand is necessary, right? Yes. And so, the courts, if you, in this court in protopopis, I see I'm almost out of time. May I continue? Certainly. The court in protopopis said that you really need to look in deciding whether or not there's appellate jurisdiction to take a look at the, we need to look at the order of remanding. I am. I'm looking at the district court saying, although defendant has adequately pled diversity jurisdiction, footnote, and then I cut down to the footnote where the district court explains that there's complete diversity and the amount in controversy is more than $75,000. That sounds like the district court concluding there is subject matter jurisdiction. But I think the use of the word although is important. It would mean in spite of the cases have been consolidated in error. In other words, although there is subject matter jurisdiction, the cases have been consolidated in error, which is something that is not subject matter jurisdiction. I believe that it also could be read that although they've adequately pled diversity, there is not subject matter jurisdiction because all of the cases that I just cited were based on jurisdiction. So, it is colorably based on jurisdiction. If it is not colorably based on jurisdiction, then you move to the procedural issue under 1447C. And I believe if the court sua sponte issued an order, all of the precedent relates to cases where there was no motion to remand. I think it is a distinction without a difference because here we did file a motion to remand. The public policy is that we need to signal to the district court that we do not prefer a federal form. And I follow up with that. It seems to me there are two principles at stake here that sometimes conflict. So, first is the fact that federal courts are courts of limited jurisdiction, right? But the counter to that is that if a federal court does have subject matter jurisdiction, it has an unfailing obligation to exercise that jurisdiction. So, you seem to be that any time there is any doubt about subject matter jurisdiction, given the competing principle of courts being, federal courts being ones of limited jurisdiction, district courts should err on the side of not exercising their jurisdiction. That doesn't seem to me to get it right. I think really what I'm saying, Your Honor, is that you need to look at the court's order to what the court based the remand order on. And if it was colorably based on jurisdiction, then 1447D applies and this court doesn't have jurisdiction to hear it. If 1447C applies because it's based on a procedural defect and the case was remanded sua sponte, the court in Ellenberg says that you shouldn't do that. But the public policy in Ellenberg relates to the fact that the court six days after the notice of removal just said, we want to send this back. The court in Thermatron said, we have a crowded docket. We just want to send this back. Here, Colonial Webb made very clear to the court that we did not prefer a federal forum. And as a result, the public policy in those sua sponte cases does not apply. All right. Thank you, counsel. Thank you both for your arguments. Oh, I stand corrected. Thank you, Judge Heitens. I'm sure it won't be the first time I've done that. I think if I could, I'll begin, Chief Judge Diaz, with your points and then address the points raised by Judge Heitens. And then, Judge Wilkinson, I would like to conclude by address that you're thrashing around comments subject to any other questions that you have. I think, Chief Judge Diaz, I think you hit the nail on the head. Federal district courts, there is attention, but they have an unfailing obligation to exercise jurisdiction. Colonial Webb just conceded that if both cases had been removed separately, if there were separate notices of removal. Judge Hudson's order is very clear. Although the diversity jurisdiction is satisfied, I'm going to find a fault based on consolidation. And so, I think in terms of subject matter jurisdiction, it's clearly satisfied. And it's really not... It's like the consolidation could never create subject matter jurisdiction. It could only destroy it. Exactly. And so, I think, Judge Heitens, to your questions, the key point here is Judge Hudson raised this whole issue sua sponte. It clearly, Judge Heitens, the JA portions that you read or the portions that we briefed, it's not... There's no procedural defect in the removal process that was raised in the remand motion. The only issue that was raised was a form selection. Well, Congress can't be expected to list all the different things that may be a procedural defect. It used the term procedural defect with the understanding that it is not setting forth any kind of exclusive list or any kind of list at all. And so, the fact that you don't have a procedural defect enumerated as the rule against multiple cases being removed, that doesn't seem to me a bar because I think Congress left the phrase undefined for a good reason. What concerns me is that if we say that, oh, well, it's not a procedural defect for a single removal order to remove multiple cases, how far does that extend? Here, we're dealing with two cases, different states, different contracts, etc. But suppose we were dealing with three or four or five. I mean, can we have a single removal order that just takes a whole bushel of state cases and moves them over into federal court? It seems to me at some point we're getting a very expansive definition of a very expansive operation of removal. And I don't understand. If you reject the rule that a single order is a procedural defect, if you reject that rule, I'm not sure I understand what the limiting principle of your position is. Well, Your Honor, I think, one, theoretically, that could be the rule. Like, you could have many cases. Answer how many cases. Is two cases too many? Is three cases too many? Is four cases too many? No, sir. But Judge Wilkinson, that's not the question you have to answer in this appeal, because that was not the basis of the remand order. It was not the basis that did not appear in their motion. But it happened. Yes, sir, it did happen. So what are we expected to just ignore the fact that it was an obvious procedural defect? It happened. Well, Your Honor, it did happen. But it's not a procedural defect under Title 28 of the United States Code, because there's nowhere in Title 28 in the removal provisions that says you have to have a single notice of removal or multiple notices of removal. And what we did... So are you saying to me that it's okay to have a single order of removal, um, remove multiple cases into federal court as long as they have some vague similarity? Possibly, yes, Judge Wilkinson. It is? It's fine? I'm sorry? It's fine for that to happen? We can have a single order of removal and a set of four or five vaguely related state cases, and we're taking a single order of removal and just moving them on over? Is that okay? One, to answer your question directly, possibly yes. But that's not the question you have to answer in this appeal. Because what we did in this case, and you can limit your decision to the facts of this case, but what we did is we identified both case numbers. We informed the Eastern District of Virginia Clerk's Office that we were told that it appeared that the two case numbers were opened in error because the complaints appeared identical. And if you compare the two complaints next to each other, they are, for the most part, identical. But again, ultimately, all of that is irrelevant because all the Clerk's Office did, which is what any good, I mean, that's part of the benefit of being in a federal district court. The question of consolidation is all tied up in the Clerk's Office and deconsolidation and consolidation, but I'm more interested in the limiting principle of how many cases can we just shower on state courts. They're going to feel very happy about it when they're not going to be very happy about it when four or five cases are dumped in their laps. The trial judges in this circuit are not going to be all that thrilled with four or five state court cases being dumped in their laps with a single order of removal. And Judge Wilkinson, I don't, and there are cases out there that say you don't do it this way. And what, are we opening a door? Judge Wilkinson, I don't think you're opening a door. I think you could write a decision in this case to say whether you could have a single notice of removal with multiple cases or you have to file one notice of removal for each case. You could answer that question if you want. But for the ultimate purposes for how the Supreme Court has directed this court to analyze a remand decision, this was not a decision that was raised by Colonial Webb in their motion to remand. It was a decision that Judge Hudson raised sua sponte. And ultimately, consolidation was irrelevant to the two cases because diversity jurisdiction was satisfied in each. To that point, with respect to five cases, I don't know that a district court would be any more happy if they had received five notices of removal for each of the cases, assuming there was a proper basis for subject matter jurisdiction. And so, yes, sir. And I think, if anything, I think the clerk's office here should be applauded because they looked at it. And all the consolidation that occurred here, it was just administrative. Both cases were before Judge Hudson. Colonial Webb, in their briefing, said, you know, we're only going to deal with the facts of one case because the facts of the two cases are essentially the same in their motion for remand. And at the end of the day, there's a very simple clerical remedy. And you just deconsolidate the cases. You have two federal... Well, you don't even have to deconsolidate them. I think it doesn't seem like there's any obvious reason the district court clerk couldn't have just said, there's a notice of a single document that applies to two cases. And I'm going to open two case numbers. Exactly. And there's a motion to consolidate them and refer that motion to the district court judge. Right. So, for purposes of this court's analysis of whether remand was proper, all of that is a wonderful academic exercise. And it's a great, like, this is a great law school exam, hypothetical in many respects. But Judge Wilkinson, if I may, very quickly, just to conclude in terms of, I totally hear you when you talk about thrashing around, but I really do want to emphasize this is the kind of case that has enormous and significant consequences for every business that operates within the... I know that. And I'm not about to adopt any proposition that that even hints at the disutility of diversity jurisdiction, because I understand the forces at play in Congress and all the rest. And I respect that entirely. And it simply is not my prerogative to make any comment on diversity jurisdiction. You're absolutely right about the different parties and the different stakes that they have involved. I just, you know, I understand your point. And I think you made a good argument. I just would like, sometimes there's a value in the law about turning square corners and playing things by the book. And it seems to me that the removal process here was a little sloppy. And it's very unusual that this kind of case would come before us. Normally, the cases are more clear cut than this one. But here, the removal procedure was, you know, it was just sloppy. You may well, you know, you may well win, you may well deserve to win, but it could have been done so much better. And it could have saved you. If you'd done it, if things had been done correctly, it could have saved you an appeal. And it could have saved these folks the expense of defending the remand order. But I just think it was sloppy and it had worked to the detriment of both parties. You could have spared yourself the need of an appeal. They could have spared themselves the considerable effort that they had to do defending the remand order. I just think sometimes there's a virtue, particularly in these traffic cop situations, of actually playing things precisely and by the book. And I don't think that was done here. Yes, sir. Judge Wilkinson, the only thing I would add to that is I think this is a good opportunity for this court to give some instruction to federal district court judges on how they are to analyze these things. Because I think the Supreme Court has made clear, this court has made clear in Ellenberg, that district courts shouldn't be raising these issues sua sponte. Because we never had the opportunity to brief this whole issue before Judge Hudson. So I hear your point, Judge Wilkinson. We're not about trying to delay or obfuscate or play games. I'm just saying it would save everybody a lot of time, save you time, save these good folks over here time. Yes, sir. Both of you save yourselves an awful lot of trouble just by playing it by the book. Just by playing, you know, having a separate removal order for each case, got your subject matter jurisdiction here on diversity grounds. It could have been done right. And you could have had both of these cases in federal court under the subject matter jurisdiction, even though the contracts were somewhat different. But it wasn't done that way. And then that's, look what we have here. Do you see what I'm saying? Judge Wilkinson, I do see what you're saying. But I do want to make sure that and it, you know, I very much hear what you're saying. And if I may just, I want to be very clear with you and with the panel, you know, McGuire Woods and Hill Phoenix, we're not trying to play games with the Eastern District of Virginia. That's why as Judge Hytens has noted, you know, and recognizing the portions of our notice of removal, we endeavor to be incredibly transparent. And we said there case numbers, we think they're the same. Here's what we have. And Judge Diaz, I'll just conclude by saying to your very good point, the clerk's office and Judge Hudson may have also been upset about receiving two notices of removal. So it goes both ways. But I think you can resolve this case and provide guidance to lawyers and to businesses and to district court judges on that issue, Judge Wilkinson. But I do think, you know, if you look at this case, you look at the precedent from this court and from the Supreme Court, the clear remedy is to reverse Judge Hudson and to remand this case back to the Eastern District of Virginia for further proceedings, including resolution of the pending motion to dismiss. All right. Thank you, Mr. Laughlin. Thank you, sir. Case is submitted. I'll ask the clerk to adjourn. Court will come down recast and then we'll resume the bench for Q&A. This honorable court stands adjourned, sign a die. God save the United States and this honorable court.
judges: Albert Diaz, J. Harvie Wilkinson III, Toby J. Heytens